PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LANA MARIE RASTETTER, | ) | |
| | ) | CASE NO.  5:22-CV-1808 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | [Regarding ECF No. 11] |

On May 24, 2023, the assigned magistrate judge issued a Report and Recommendation affirming the Commissioner's final decision regarding Plaintiff's application for Supplemental Security Income benefits.  *See* ECF No. 11.  Plaintiff timely filed objections to the Report and Recommendation.  ECF No. 12.  The Commissioner filed a response to Plaintiff's objections. ECF No. 13.  For the reasons stated below, the Court overrules Plaintiff's objections and adopts the magistrate judge's Report and Recommendation (ECF No. 11), affirming the Commissioner's final decision.

## I. Background

In January 2020, Plaintiff Lana Marie Rastetter filed an application for Supplemental Security Income ("SSI"), alleging a disability onset date of March 23, 2017.  ECF No. 6 at PageID #: 97.  After her application was denied, Plaintiff requested a hearing for reconsideration, which occurred in May 2021 before an administrative law judge ("ALJ").  On September 27, 2021, the ALJ found that Plaintiff was not disabled.  On August 16, 2022, the Appeals Council

(5:22-CV-1808)

declined Plaintiff's request for further review, making the ALJ's decision denying benefits the Agency's final decision.

Plaintiff then filed her Complaint before the Court.  ECF No. 1.  The Report and Recommendation issued by the magistrate judge addresses Plaintiff's two assignments of error. Ultimately, the magistrate judge held that the ALJ's determination that Plaintiff has residual functional capacity ("RFC") is supported by the ALJ's proper evaluation of Certified Nurse Practitioner ("NP-C") Heather Frischkorn's opinion and functional limitations resulting from Plaintiff's medical conditions.  *See* ECF No. 11.

Following the issuance of the magistrate judge's Report and Recommendation, Plaintiff timely raised two objections suggesting that the magistrate judge erred in determining that the ALJ (1) properly addressed the consistency factor in his evaluation of NP-C Frischkorn's opinion and (2) adequately considered the impact of Plaintiff's bilateral knee impairment on her ability to stand and walk.  ECF No. 12.  The Commissioner of Social Security Administration responded in opposition to Plaintiff's objections.  ECF No. 13.

## II. Standard of Review

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of a Report and Recommendation to which the parties have made an objection.  28 U.S.C. § 636(b)(1)(C).  Parties must file any objections to a Report and Recommendation within fourteen days of service.  *Id*.; Fed. R. Civ. Pro. 72(b)(2).  Objections to the Report and Recommendation must be sufficiently specific to focus the court's attention on contentious issues.  *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  The primary issue then becomes "whether [the Commissioner's] decision is supported by substantial

(5:22-CV-1808)

evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *see also* 42 U.S.C. § 405(g). The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence exists when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would have decided the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). This "standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decisionmakers may go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id*. (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

3

(5:22-CV-1808)

### III. Discussion

Plaintiff raises two objections to the magistrate judge's Report and Recommendation, arguing that the magistrate judge erred in determining that the ALJ properly considered (1) the consistency factor when evaluating NP-C Frischkorn's medical opinion and (2) the effects of Plaintiff's bilateral knee impairments on her ability to stand and walk.  For these reasons, Plaintiff asserts that the matter should be remanded for reconsideration.

### A. Plaintiff's Objection No. 1

Plaintiff first objects to the magistrate judge's assertion that the ALJ properly considered the consistency factor in his evaluation of NP-C Frischkorn's opinion.  Plaintiff contends that the ALJ dismissed NP-C Frischkorn's opinion without identifying specific evidence inconsistent with that opinion.  ECF No. 12 at PageID #: 809.  The magistrate judge maintains that the ALJ provided substantial medical evidence that contradicted NP-C Frischkorn's opinion[1], including Dr. Bilal Mahmood's opinion[2], the state agency consultants' opinions, Plaintiff's ability to perform typical activities of daily living, and Plaintiff's treatment record.  ECF No. 11 at PageID #: 802.

20 C.F.R. § 404.1527 explains that medical opinions from treating sources are generally afforded more weight because "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the applicant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective

---

[1] The record reflects that NP-C Frischkorn was Plaintiff's primary treating physician and conducted multiple physical examinations of Plaintiff during relevant times.

[2] The case record reflects that Dr. Bilal Mahmood performed a single internal medicine consultative examination of Plaintiff during the relevant times.

(5:22-CV-1808)

medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527.  "Treating physicians' opinions are given "controlling weight" when their opinions are 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in [the] case record.'" *Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 473 (6th Cir. 2016) (quoting 20 C.F.R. § 404.1527(c)(2)).  When the "ALJ declines to give the treating source's opinion controlling weight, the ALJ must apply the following factors in determining what weight to give the opinion: 'the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source.'" *Rife v. Comm'r of Soc. Sec.*, 485 F. App'x 56, 58 (6th Cir. 2012) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)); *see also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013)

Pursuant to 20 C.F.R. § 404.1527(c)(2), the ALJ is required to provide "good reasons" for the weight that she assigns to medical opinions from treating sources.  When an "ALJ fails to give good reasons on the record for according less than controlling weight to treating sources," the Court may "reverse and remand unless the error is a harmless de minimis procedural violation." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).  Harmless error "may include the instance where 'a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it.'" *Blakley*, 581 F.3d at 409 (citing *Wilson*, 378 F.3d at 547).

5

(5:22-CV-1808)

For the purpose of determining Plaintiff's RFC, the ALJ reviewed NP-C Frischkorn's physical assessment of Plaintiff given that NP-C Frischkorn was Plaintiff's treating physician during relevant times.  Upon reviewing NP-C Frischkorn's physical assessment and the remainder of Plaintiff's medical record, the ALJ opined the following, providing sufficient reasoning for not giving controlling weight to NP-C Frischkorn's opinion:

> While NP Frischkorn is an acceptable medical source with a treating relationship with the claimant, the objective findings and conservative treatment recommendations in her own treatment records are not consistent with the level of limitations set forth in her opinion, particularly the limited ability to stand or walk and the necessity of multiple unscheduled breaks in the workday.

ECF No. 6 at PageID #: 54.  Although succinct, this conclusion includes good reasons for the ALJ to dismiss NP-C Frischkorn's opinion as unpersuasive.  This, however, is not the only explanation that the ALJ provides in support of her conclusion.

In the paragraphs leading up to the aforementioned conclusion, the ALJ identifies objective evidence in the record, including a summary of the Plaintiff's medical history from March 2018 through May 2021.  *See* ECF No. 6 at PageID #: 50–53.  The cited evidence tends to be inconsistent with NP-C Frischkorn's opinion.  For example, after Plaintiff received her second knee surgery in July 2019, there is no mention in the case record of follow-up treatments for Plaintiff's knees or of any residual post-surgery knee impairments limiting Plaintiff's ability to stand or walk.  *See e.g.*, ECF No. 6 at PageID #: 283; *see also* ECF No. 6 at PageID #: 564–709. In fact, during post-surgery appointments with NP-C Frischkorn, the record shows that Plaintiff had done well with both surgeries.  *See* ECF No. 6 at PageID #: 706, 708.  Then in September 2020, during a consultative examination with Dr. Mahmood, Plaintiff was able to "squat and rise

6

(5:22-CV-1808)

with ease . . . walk on heels and toes with ease, tandem walking was normal, and [Plaintiff] could hop on one foot bilaterally." ECF No. 6 at PageID #: 53.  During this examination, Plaintiff's pulmonary function was normal.  ECF No. 6 at PageID #: 53.  Finally, the record includes documentation of Plaintiff's examination by NP-C Frischkorn in May 2021[3] during which NP-C Frischkorn noted that she continued Plaintiff on the same COPD medications that Plaintiff had previously been taking.  ECF No. 6 at PageID #: 695–97.  NP-C Frischkorn did not indicate in her May 2021 examination notes that Plaintiff was suffering from any knee-related pain or other symptoms.  ECF No. 6 at PageID #: 695–97.  Accordingly, Plaintiff's record, which includes her treating physicians' documentation from 2018 through 2021, clearly reflects ongoing medication treatment for Plaintiff's COPD and mild symptoms associated with her COPD diagnosis.  *See e.g.*, ECF No. 6 at PageID # 671–72, 695, 706.  With regard to Plaintiff's bilateral knee impairments, however, the record is devoid of any indication that Plaintiff experienced limitations in standing or walking, after her successful knee surgeries.

NP-C Frischkorn's February 2020 assessment stated, in part, that Plaintiff's symptoms would often interfere with her ability to perform simple work-related tasks, that Plaintiff could only walk less than one city block without rest or significant pain, and that Plaintiff could only stand and walk for only two hours a day.  ECF No. 6 at PageID #: 668.  Overall, there is substantial evidence in the record supporting the ALJ's finding that the objective evidence and conservative treatment related to Plaintiff's COPD and bilateral knee impairments are

---

[3] This examination with NP-C Frischkorn occurred after Plaintiff submitted her SSI benefits application.

(5:22-CV-1808)

inconsistent with the assessment conducted by NP-Frischkorn.  Therefore, the Court overrules

Plaintiff's first objection.

### B. Plaintiff's Objection No. 2

Plaintiff's second objection challenges the magistrate judge's conclusion that the ALJ

properly determined that Plaintiff's bilateral knee impairments do not limit her ability to stand

and walk.  ECF No. 12 at PageID #: 811–12.  More specifically, Plaintiff claims that the

magistrate judge overlooked addressing the ALJ's failure to explain how restricting Plaintiff to

light exertional work accommodates "the effects of Plaintiff's severe knee osteoarthritis on her

ability to stand and/or walk."  ECF No. 12 at PageID #: 812.  It was unnecessary, however, for

the ALJ and the magistrate judge to address how light exertional work accommodates Plaintiff's

standing and walking abilities because they both determined that substantial medical evidence

supported a finding that Plaintiff's bilateral knee impairments only limited her functional

capacity in some respects but did not limit her ability to stand or walk.

The ALJ and magistrate judge properly focused on describing Plaintiff's exertional,

postural, climbing, and environmental limitations, which, contrary to the Plaintiff's alleged

standing and walking limitations, are well-supported by objective medical evidence.  The ALJ

and the magistrate judge sufficiently explained that Plaintiff could perform light exertional work

as long her exertional, postural, climbing, and environmental limitations are accommodated.

Specifically, the ALJ found, and the magistrate judge concurred, the following:

> [Plaintiff] has the residual function capacity to perform light work
> as defined in 20 CFR 416.967(b) except: The claimant can
> frequently climb ramps or stairs, but can never climb ladders,
> ropes, or scaffolds. She can frequently stoop, kneel, crouch, or
> crawl.  She can work in a setting with no more than frequent

(5:22-CV-1808)

> exposure to humidity, extreme temperatures, poor ventilation, or
> pulmonary irritants such as fumes, odors, dusts, or gases.  She
> must avoid all exposure to workplace hazards such as unprotected
> heights.

ECF No. 6 at PageID #:49;  s*ee* ECF No. 11 at PageID #: 806.

Plaintiff further contends that the ALJ's determination that Dr. Mahmood's opinion is unpersuasive cannot be reconciled with the ALJ's overall finding that Plaintiff has residual functional capacity with some limitations.  *See* ECF No. 12 at PageID #: 812.  Dr. Mahmood's report concludes that Plaintiff has "no limitations with sitting, standing or walking;" "does not need an assistive device with regard to short and long distances and uneven terrain;" does not have significant limitations with lifting or carrying weight;" does not have "limitations on bending, stooping, crouching and squatting;" does not have limitations on reaching, grasping handling, fingering, and feeling;" and does not have any "relevant visual, communicative or workplace environmental limitations."  ECF No. 6 at PageID #: 675.  Plaintiff reasons that because the ALJ found Dr. Mahmood's entire opinion unpersuasive, it follows that the ALJ should have found that some standing and walking limitations were warranted.  ECF No. 12 at PageID #: 812.  This is a logical fallacy.  The ALJ deciding not to give Dr. Mahmood's opinion controlling weight merely suggests that the ALJ believed that Plaintiff has *some* rather than no general physical limitations.  The ALJ's decision does not mean those limitations were in ssarily standing or walking.  In other words, the magistrate judge's Report and Recommendation agrees with the ALJ's conclusion that Dr. Mahmood's opinion was inconsistent with the medical evidence and Plaintiff's diagnoses because it "did not fully account for [Plaintiff's] history of osteoarthritis and knee surgery."  ECF No. 11 at PageID #: 806.  The evidence demonstrates that

9

(5:22-CV-1808)

Plaintiff has some physical limitations, although they are not severe enough to an extent that would largely inhibit her ability to stand and walk.

The Court's is not to reweigh the evidence, but to determine whether the ALJ's findings are supported by substantial evidence.  *See* *Hephner*, 574 F.2d at 362.   The record reflects substantial evidence indicating that after Plaintiff underwent knee surgery on both knees in 2019, she neither received further treatment for her bilateral knee pain nor reported residual symptoms related to her knees.  *See e.g.*, ECF No. 6 at PageID #: 283; *see also* ECF No. 6 at PageID #: 564–709.  Although Plaintiff claims that she did not believe she could stand or walk for six hours a day without her knees "locking up" and her lower back hurting (ECF No. 6 at PageID #: 88), such claims are unsubstantiated by her medical records.  Plaintiff's symptoms and treatment history support the ALJ's determination that Plaintiff has residual functional capacity with some limitations, but her standing and walking abilities remain uninhibited.  The ALJ's conclusion is within a zone of choice supported by the record.  The Court, therefore, overrules Plaintiff's second objection.

### IV. Conclusion

Accordingly, the Court adopts the magistrate judge's Report and Recommendation (ECF No. 11), overruling Plaintiff's objections and affirming the Commissioner's final decision. Judgment will be entered in favor of Defendant through a separate Judgment Entry.


IT IS SO ORDERED.

June 30, 2023                                                    */s/ Benita Y. Pearson*
Date                                                                  Benita Y. Pearson
                                                                         United States District Judge

10